CITIZENS' BANK OF PARKER, Respondent v. KASTEN, et al, Appellants.

(223 N. W. 214.)

(File No. 6157. Opinion filed January 26, 1929.)

340

*M. G. Luddy,* of Sioux Falls, for Appellants.
*Bogue & Bogue,* of Parker, for Respondent.

CAMPBELL, J. This action was instituted by "the Citizens' Bank of Parker, a Banking Corporation, by F. R. Smith, as Superintendent of Banks of the State of South Dakota," as plaintiff, against "Ernest A. Wendt, as Executor of the Estate of William Kasten, Deceased; Mary Kasten; Bernard H. Kasten; Ernest W. Kasten; Willie A. Kasten; Alfred A. Kasten; August F. Kasten; Emma Kasten Michael; Elsie Kasten; Gladys Dewey, and R. L. Dewey as Guardian of said Gladys Dewey, a Minor," as defendants, to enforce the constitutional and statutory liability of the holder of bank stock in said Citizens' Bank of Parker, and the substantial allegations of the complaint are as follows:

(1) That the Citizens' Bank of Parker is a duly incorporated state bank.

(2) That F. R. Smith is the duly appointed, qualified, and acting superintendent of banks in and for the state of South Da-

kota, and this action is instituted by and in the name of the plaintiff bank by the said superintendent of banks, for the benefit of its creditors, under the direction and supervision of the Attorney General of the state of South Dakota.

(3) That William Kasten in his lifetime owned 20 shares of the stock of said bank of the par value of $100, which have never been transferred out of his name on the books of said bank, but were distributed to the defendant Mary Kasten by final decree in the matter of William Kasten, filed October 21, 1924.

(4) That said bank was insolvent on and prior to December 31, 1923, and on that day was taken into possession by the superintendent of banks for liquidation.

(5) That the assets of the bank are insufficient to pay its liabilities, and will be even after full collection of all personal liability of stockholders.

(6) That the capital of said bank is $50,000.

(7) That no amount was paid by William Kasten in his lifetime representing or covering stockholder's liability upon the stock so owned by him.

(8) That William Kasten died testate January 14, 1920, a resident of Turner county, S. D., where his will was duly probated and decree of final distribution in the matter of his estate entered October 21, 1924.

(9) That the devisees and legatees of the said William Kasten were the defendants Mary Kasten, his wife, Gladys Dewey, his granddaughter, and the other named defendants (excepting Wendt), his children.

(10) That the defendant Wendt was named as executor in the will of William Kasten, and was duly appointed, qualified, and acted as such, and was discharged by order of the county court of Turner county May 4, 1925.

(11) That the defendant R. L. Dewey is the duly appointed, qualified, and acting guardian of the granddaughter, Gladys Dewey, a minor.

(12) That by the will of William Kasten and the final decree of distribution in the matter of his estate his property was ordered distributed as follows:

A. To defendant Mary Kasten the bank stock in question and certain other personal property of the reasonable and inventory value of $8,439.30.

B. To Bernard H. Kasten realty of the reasonable and inventory value of $22,000, subject to the annual payment of $200 to his mother, Mary, during her life.

C. To Ernest W. Kasten realty of the reasonable and inventory value of $20,000, subject to a like annual payment.

D. To Willie A. Kasten realty of the reasonable and inventory value of $16,000, subject to a like annual payment.

E. To Alfred A. Kasten realty of the reasonable and inventory value of $24,000, subject to a like annual payment.

F. To August F. Kasten realty of the reasonable and inventory value of $16,000, subject to a like annual payment.

G. To Anna K. Michael the sum of $5,495 to be paid in the form of a promissory note executed by Ernest W. and Willie A. Kasten, due in 5 years, at 5 per cent.

H. To Elsie Kasten the sum of $6,595, to be paid in the form of a promissory note executed by Alfred A. and August F. Kasten, due in 5 years at 5 per cent.

I. To Gladys Dewey, $1,405 in cash and $5,575 to be paid in the form of a promissory note executed by Bernard H. Kasten and Mary Kasten, due in 5 years at 5 per cent, secured by first lien on the realty distributed to Bernard H. Kasten.

(13) That the total reasonable and inventory value of the property so distributed was $108,439.30.

(14) That none of said legatees or devisees have receipted to the executor for any of the property so ordered distributed to them.

(15) That in April, 1925, each defendant was duly notified of the liability of the estate and the property thereof now sought to be enforced in this action.

(16) That notice to creditors in the estate of William Kasten was first published February 19, 1920, and that no claim has ever been filed pursuant thereto covering the liability now sought to be enforced.

(17) That the stockholder's liability sought to be enforced in this action became a claim as soon as it matured against the property of the decedent and a lien thereon in the hands of the legatees and devisees, and that said property descended to them impressed with the obligation to pay its proportionate share pursuant to section 3423, Rev. Code 1919.

The prayer of the complaint is for judgment in the sum of $2,000, and that said distributed property be made liable therefor in the hands of the various legatees proportionately and the judgment be made a lien thereon until paid.

To this complaint the defendants, who are children of William Kasten, deceased, and the granddaughter, Gladys Dewey, have demurred upon all the grounds permitted by statute. The trial court duly made and entered an order overruling the demurrer, and from such order, the demurrants have appealed.

Appellants seek to raise three propositions, which we will consider in turn.

■ Appellants' first contention is that there is not a proper party plaintiff. There is no question but that this action in fact is brought by the superintendent of banks of the state of South Dakota, as fully set out in paragraph 2 of the complaint. By section 8937, Rev. Code 1919, it is made the duty of the superintendent of banks, under the circumstances there set out, to institute proceedings against stockholders for the collection of their legal liability. It is further provided by the statute that all sums so collected shall be deemed a part of the assets of such bank or trust company and be distributed pro rata to the creditors thereof in the same manner as other assets. We have several times determined that in such action the superintendent of banks represents the creditors. Smith v. Goldsmith, 50 S. D. 1, 207 N. W. 977; Smith v. Olson, 50 S. D. 81, 208 N. W. 585.

There is no direct statutory requirement for the bringing of this action by the superintendent of banks in his own name, and we do not think that it is material whether the plaintiff is named as the bank by the superintendent of banks or whether the plaintiff is named as the superintendent of banks in charge of the bank and in behalf of its creditors. It is the same action in either event.

■ Appellants' second contention is that this action must fail because no claim was filed as a claim against the decedent, William

Kasten, within six months after the first publication of the notice to creditors in the matter of the probate of his estate. This point is ruled adversely to appellants by Hirning v. Kurle, No. 5712, 54 S. D. —, 223 N. W. 212, opinion this day filed.

■ It is appellants' third contention that in any event no cause of action is stated against the appealing demurrants. In this we think appellants are in error. We believe that our law upon this point is substantially the same as is the federal law with reference to the statutory liabilities of shareholders in national banks, and that such liability exists against the estate of a decedent in proper case, and in such case action will lie against all the distributees of said estate for recovery to the extent of the assets received by them. See Hirning v. Kurle, 54 S. D. —, 223 N. W. 212, opinion this day filed. See, also, Dent v. Matteson, 70 Minn. 519, 73 N. W. 416; Matteson v. Dent, 176 U. S. 521, 20 S. Ct. 419, 44 L. Ed. 571; Rankin v. Miller (D. C.) 207 F. 602; Miller v. Hamner (C. C. A.) 269 F. 891.

■■ If the property of the estate is still in the hands of the executor, it can be reached there. If it has passed to the distributees, they are all defendants in this action, and their various equities as between one another can be adjusted by the court below upon proper pleading and proof. The matter coming up on demurrer, no question is presented as to any statute of limitations.

The order appealed from is affirmed.

SHERWOOD, P. J., and POLLEY and BROWN, JJ., concur.

BURCH, J., concurs in the result.