J. HERBERT WAKEM, RECEIVER *vs.* ADDIE B. DUFF, EXECUTRIX.

Aroostook.      Opinion, January 29, 1936.

*David Solman,* for plaintiff.
*Albert F. Cook,* for defendant.

SITTING: DUNN, C. J., STURGIS, BARNES, THAXTER, HUDSON, MANSER, JJ.

DUNN, C. J.    The parties assenting, the trial court reported this case on an agreed statement of facts, for final decision.

The action is by the receiver of an insolvent national bank, The Caribou National Bank, against the executrix of the last will of a deceased stockholder, Lewis K. Duff, to enforce double liability, as assessed by the Comptroller of the Currency.

Mr. Duff died January 29, 1933; he owned twenty-nine one hundred dollar shares of stock. The bank suspended business March 4, 1933. A conservator was appointed.

The will of the decedent was admitted to probate, the executrix qualifying May 16, 1933.

On January 15, 1934, the bank went into the hands of a receiver. Plaintiff is receiver in succession; his duties began December 15, 1934.

The assessment had been previously levied, namely, on June 4, 1934; it was payable July 11, 1934. This suit, authorized February 15, 1935, was begun March 2, 1935; or more than twenty months later than the granting of letters testamentary. R. S., Chap. 101, Sec. 15.

On the assessment day, (June 4, 1934,) the statute barring claims against an estate, not presented to the executor, or filed in the registry of probate, within twelve months after the qualification of the executor, was, respecting the testator's estate, operative. R. S., *supra*, Sec. 14. Further, the estate itself had been fully settled, absent any notice for a liability, accrued or contingent, on the stock.

This action is based on Sections 64 and 66, of Title 12, of the United States Code. These sections, so far as relevant, read in substance as follows:

"Section 64. The stockholders of every national banking association shall be held individually responsible for all contracts, debts, and engagements of such association, each to the amount of his stock therein, at the par value thereof in addition to the amount invested in such stock . . . ."

"Section 66. Persons holding stock as executors, administrators, guardians, or trustees, shall not be personally subject to any liabilities as stockholders; but the estates and funds in their hands shall be liable in like manner and to the same extent as the testator, intestate, ward, or person inter-

ested in such trust funds would be, if living and competent to act and hold the stock in his own name."

The obligation of a stockholder, although arising from voluntary agreement, evidenced by becoming a stockholder, is statutory. *McDonald* v. *Thompson*, 184 U. S., 71, 46 Law ed., 437 ; *McClaine* v. *Rankin*, 197 U. S., 154, 49 Law ed., 702 ; *Forrest* v. *Jack*, 294 U. S., 158, 79 Law ed., 829. "The liability does not altogether cease on the death of the owner but, as limited and defined by section 66, attaches to his estate. The fiduciaries are exempt but the property belonging to the estate is liable as would be the deceased if living." *Forrest* v. *Jack*, supra.

The original receiver caused a demand to be presented to the executrix, for payment of the assessment upon the shares which her testate, in his lifetime, had owned. The executrix rejected such demand, assigning the time for claims over and the estate wholly administered.

The main question for decision is whether, the deceased stockholder's estate having been fully settled before the Comptroller laid the assessment, liability therefor continues unimpaired.

The cause of action did not arise until the assessment. *McDonald* v. *Thompson*, supra ; *McClaine* v. *Rankin*, supra ; *Forrest* v. *Jack*, supra. Administration had then been completed.

The Code charges the estate of a stockholder who is dead, with an equitable lien for assessments. *Zimmerman* v. *Carpenter*, 84 Fed., 747 ; *Forrest* v. *Jack*, supra.

In *Zimmerman* v. *Carpenter*, before cited, the court said that if liability did not arise, that is, if assessment was not made until the estate was fully distributed, there would be no estate to be charged.

Decision in *Blackmore* v. *Woodward*, 71 Fed., 321, is put on the ground that the widow, to whom the stock, bequeathed for life, with power of disposal, had been transferred, was the beneficial owner.

The estate of a deceased holder of state bank stock was held not liable where, in advance of assessment, the executor had transferred the stock to himself, as trustee for life. The court said that the stock then ceased to belong to the estate of the testatrix. *Carter* v. *Davis*, 174 Ga., 824, 164 S. E., 264.

As against a national bank stockholder's estate, liability terminates on valid assignment of the shares in final distribution of the estate if not by an earlier transfer. *Seabury* v. *Green*, 294 U. S., 165, 79 Law ed., 834.

There can be no liability on the part of a decedent's estate, where assessment is after entire administration of the estate and distribution of all the property. *Forrest* v. *Jack*, supra.

Whether the Maine statutes, touching presenting claims, and commencing actions, are here applicable, need not be adjudged. When assessment was imposed, administration had come to an end; there was no estate to charge.

The case may be remanded for the entry of judgment for defendant.

*So ordered.*