## DONALD v. BIRD.

## SAME v. WAGER.

## SAME v. CUMMING.

### Nos. 7988–7990.

Circuit Court of Appeals, Ninth Circuit.
Sept. 8, 1936.

664

Stephen D. Monahan, of Nogales, Ariz., for appellant.

Duane Bird, in pro. per., James V. Robins, and Thomas L. Hall, all of Nogales, Ariz., for appellees.

Before WILBUR, MATHEWS, and HANEY, Circuit Judges.

MATHEWS, Circuit Judge.

Appellant, as receiver of a national banking association, brought these actions against appellees, stockholders of the association, to enforce the liability created by section 23 of the Act of December 23, 1913, c. 6, 38 Stat. 273, 12 U.S.C.A. § 64, which provides: "The stockholders of every national banking association shall be held individually responsible for all contracts, debts, and engagements of such association, each to the amount of his stock therein, at the par value thereof in addition to the amount invested in such stock."

Appellees demurred to the complaints, on the ground that the actions were barred by the statute of limitations. The District Court sustained the demurrers, and, no request being made for leave to plead further, thereupon entered judgments dismissing the actions. From the judgments so entered, these appeals are prosecuted.

■ There is no federal statute of limitations governing actions of this character. They are governed, therefore, by the applicable state statute. Curtis v. Connly, 257 U.S. 260, 262, 42 S.Ct. 100, 66 L.Ed. 222; McClaine v. Rankin, 197 U.S. 154, 158, 25 S.Ct. 410, 49 L.Ed. 702, 3 Ann.Cas. 500.

■ What is the applicable state statute of limitations in Arizona? Appellant contends it is section 227 of the Revised Code of 1928, which provides: "The stockholders of every bank [1] shall be held individually responsible, equally and ratably, and not one for another, for all contracts, debts and engagements, of such corporation or association, to the extent of the amount of their stock therein, at the par value thereof, in addition to the amount invested in such shares or stock. In case of the dissolution or liquidation of any bank, the constitutional [2] and statutory liability of the stockhold-

ers must be enforced for the benefit of the creditors of such bank by the superintendent of banks or by any receiver. The action to enforce such liability shall be commenced within three years after the closing of such bank."

Section 227 is not a general statute of limitations. It refers specially to a liability created by the Constitution and laws of the state of Arizona. The limitation therein prescribed applies specially and solely to actions brought to enforce that liability. It does not apply to actions brought, as these actions are, to enforce a liability created by an act of Congress.

■ Appellant contends, however, that if section 227 is inapplicable, the applicable statute is section 2060 of the Revised Code of 1928, which provides: "There shall be commenced and prosecuted within three years after the cause of action shall have accrued, and not afterward, the following actions: 1. Debt where the indebtedness is not evidenced by a contract in writing. ......"

This contention must be rejected. These are not actions for debt, but are actions to enforce a liability created by statute. McClaine v. Rankin, supra, 197 U.S. 154, at page 161, 25 S.Ct. 410, 49 L.Ed. 702, 3 Ann.Cas. 500; McDonald v. Thompson, 184 U.S. 71, 73, 22 S.Ct. 297, 46 L.Ed. 437. See, also, Forrest v. Jack, 294 U.S. 158, 162, 55 S.Ct. 370, 79 L.Ed. 829, 96 A.L.R. 1457; Christopher v. Norvell, 201 U.S. 216, 226, 26 S.Ct. 502, 50 L.Ed. 732, 5 Ann.Cas. 740; Studebaker v. Perry, 184 U.S. 258, 261, 22 S.Ct. 463, 46 L.Ed. 528; Keyser v. Hitz, 133 U.S. 138, 151, 10 S.Ct. 290, 33 L. Ed. 531; United States v. Knox, 102 U.S. 422, 424, 26 L.Ed. 216. The applicable statute, therefore, is section 2058 of the Revised Code of 1928, which provides: "There shall be commenced and prosecuted within one year after the cause of action shall have accrued, and not afterward, the following actions: ...... 3. upon a liability created by statute, other than a penalty of forfeiture."

■ These causes of action accrued when assessments were made against appellees by the Comptroller of the Currency.

[1] Meaning every bank organized under the laws of the state of Arizona.

[2] Section 11, article 14, of the Constitution of Arizona provides: "The shareholders or stockholders of every banking or insurance corporation or association shall be held individually responsible, equally and ratably, and not one for another, for all contracts, debts, and engagements of such corporation or association, to the extent of the amount of their stock therein, at the par value thereof, in addition to the amount invested in such shares or stock."

McClaine v. Rankin, supra, 197 U.S. 154, at page 162, 25 S.Ct. 410, 49 L.Ed. 702, 3 Ann.Cas. 500; McDonald v. Thompson, supra, 184 U.S. 71, at page 76, 22 S.Ct. 297, 46 L.Ed. 437; Drain v. Stough (C.C.A.9) 61 F.(2d) 668, 670, 87 A.L.R. 490. See, also, Forrest v. Jack, supra, 294 U.S. 158, at page 162, 55 S.Ct. 370, 79 L.Ed. 829, 96 A. L.R. 1457. It appears from the complaints that the Comptroller made these assessments on January 30, 1932. The action against appellee Cumming was commenced on January 12, 1935. The actions against appellees Bird and Wager were commenced on January 23, 1935. All were commenced more than one year after the causes of action accrued and were, therefore, barred by the statute of limitations. The demurrers were properly sustained.

Judgments affirmed.