## ATKINS v. MEACHAM.
### No. 4050.

Circuit Court of Appeals, Fourth Circuit.

Oct. 6, 1936.

C. H. Dearman, of Statesville, N. C., for appellant.

A. B. Raymer, of Statesville, N. C. (D. L. Raymer and Raymer & Raymer, all of Statesville, N. C., on the brief), for appellee.

Before PARKER and NORTHCOTT, Circuit Judges, and MYERS, District Judge.

NORTHCOTT, Circuit Judge.

This is an action at law instituted by the appellant, herein referred to as the plaintiff, against the appellee, herein referred to as the defendant, in the District Court of the United States for the Western District of North Carolina, in March, 1935. The object of this action was to recover an assessment made by the Comptroller of the Currency against the defendant as the owner of ten shares of stock of the First National Bank of Statesville, N. C., an insolvent bank of which the plaintiff was receiver. The bank was declared insolvent and ceased business in January, 1933. The amount of the assessment was $1,000.

The defendant filed an answer admitting that the certificate for ten shares of stock in said bank was issued in her name in January, 1932, and so appeared upon the books of the bank but denied in her answer that she owned the stock claiming that she held said certificate as executrix of the will of her husband, F. T. Meacham, who owned the stock at the time of his death in May, 1930.

A trial was had before a jury in January, 1936, at Statesville. At the end of the testimony both the plaintiff and the defendant moved for a directed verdict. The court granted the motion of the defendant and under the instruction the jury found for the defendant. An order was entered in accordance with the verdict. From this action this appeal was brought.

Fifteen shares of stock in the closed bank were owned by the defendant's husband at the time of his death. The pertinent part of the deceased's will read as follows:

"To my wife if she survives, I will and bequeath all of my personal property, and real estate, except herein stated.

"It is my desire to have her retain the Bank Stock, intact, and use the proceeds thereof for living expenses, and at her death the Stocks to be divided equally amongst the Surviving children and their Heirs."

The defendant qualified as executrix of her husband's will in May, 1930, and was still acting in that capacity at the time of the bringing of this action.

The estate was indebted to one of the daughters of the defendant, and wishing to pay the debt with some of the bank stock, the defendant took the certificate for the fifteen shares to the bank and received in

exchange one certificate for three shares, issued in the name of the daughter, and another certificate for the remaining twelve shares issued in the name of the defendant. The defendant testified at the trial that the cashier of the bank advised her that it was all right to conduct the transaction in this way and that she did not examine the certificate for the twelve shares and did not find out that it was in her name until January, 1932, when she went back to consult the cashier about having two of the remaining twelve shares transferred to another daughter. The stock was again reissued, the defendant receiving another certificate for ten shares in her name. The defendant signed individually the receipt stubs of the certificates for the twelve and ten shares and received the dividends on the stock that stood in her name.

The defendant also testified that she protested to the cashier of the bank that the stock was her husband's and not hers and tried to get the certificate changed, but was unable to do so. The cashier of the bank testified that he did not recall that the defendant requested him to change the certificate of stock from her name back to her husband's estate, and that he would have been glad to have done so had she requested it.

The only question involved in this appeal is whether the defendant is personally liable as a stockholder for the assessment on the ten shares of stock that stood in her name. We think she is.

The stock was entered on the books of the bank in the name of the defendant and whatever may be claimed, with respect to the certificate for the twelve shares of stock, the defendant admittedly knew that the certificate for the ten shares was issued to her personally and it was on this ten shares that the assessment sued for was made. A person in whose name stock stands on the books of a bank and who knows this fact is liable to an assessment, and becomes estopped to deny that he is a stockholder. Forrest v. Jack, 294 U.S. 158, 55 S.Ct. 370, 79 L.Ed. 829, 96 A.L.R. 1457; Matteson v. Dent, 176 U.S. 521, 20 S.Ct. 419, 44 L.Ed. 571; Richmond v. Irons, 121 U.S. 27, 7 S.Ct. 788, 30 L.Ed. 864; Whitney v. Butler, 118 U.S. 655, 7 S.Ct. 61, 30 L. Ed. 266; Kenyon v. Fowler (C.C.A.) 155 F. 107; Schlener v. Davis (C.C.A.) 75 F.(2d) 371, 99 A.L.R. 498.

The defendant inherited a life interest in the stock in question, under the terms of her husband's will, and enjoyed the dividends declared on it. She exercised the right of ownership in disposing of some of the stock. She signed the receipt for the certificate for the ten shares in her own name and not as executrix.

The defendant need not have accepted the certificate issued to her individually and could undoubtedly have had it changed had she not, at least tacitly, consented to the arrangement as it was made. By her admitted conduct she ratified the acts done by the cashier of the bank in issuing the two certificates of stock in her name.

"It (a ratification) implies a conscious and intended approval of the act done. It rests upon the actual and existing purpose to make such approval. Hence, the courts say, that it must occur with full knowledge of all the facts." Williams v. Vreeland (C. C.A.) 244 F. 346, 350, affirmed in 250 U.S. 295, 39 S.Ct. 438, 63 L.Ed. 989, 3 A.L.R. 1038.

A serious question is presented as to whether the defendant was not liable for the assessment as the owner of the life interest in the stock. The beneficial ownership of the stock had passed from her husband's estate and the estate could not be made liable for the assessment. Blackmore v. Woodward et al. (C.C.A.) 71 F. 321. See, also, Braver Liquidation of Financial Institutions, § 269, p. 294, where the author says: "Where a husband bequeaths bank stock to his wife for life, and the stock is transferred to her by the Executors of the estate, and is held by her as such life tenant, she is individually liable in the amount equal to the face value of the stock, in a suit brought by the receiver of an insolvent bank, for the benefit of the creditors, but the testator's estate is not liable. However, this is true only when the stock was transferred to her own name on the books of the bank, in which event, the widow, although a life tenant, would be liable for the double liability assessment on the stock, as this act of transfer led creditors of the bank to rely on her being a stockholder, and, in addition, it indicated a purpose on her part to take such stock as her own."

Here the stock was transferred to the defendant on the books of the bank, and her acceptance of the certificate as it was issued charges her with knowledge of that fact.

A study of the evidence, giving full faith and credit to the defendant's own testi-

mony, leads us to the conclusion that the trial judge was in error in instructing the jury to find for the defendant, but should have instructed for the plaintiff. The judgment is reversed, and the cause remanded.

Reversed.