TINAN, Receiver, Appellant, v. LEE, et al, Respondents.

(273 N. W. 649)

(File No. 7998. Opinion filed June 1, 1937)

*Danforth & Seacat,* of Mitchell, and *Joseph F. Hughes,* of Alexandria, for Appellant.

*Frank Vincent,* of Alexandria, for Respondents.

RUDOLPH, P. J.   One Louie Lee died December 11, 1928, and left surviving him his widow, Julia Lee, and daughters, Elsie and Minnie.   Mr. Lee at the time of his death owned five shares of stock in the First National Bank in Alexandria.   The Lee estate was probated in the county court of Hanson county, S. D. Notice to creditors was published as required by law and the procedure was in all things in accordance with the statutes.   A final decree of distribution was entered in the estate on the 2d day of March, 1930. On April 4, 1930, the executor was by order of the county court finally discharged.   On September 9, 1931, the First National Bank in Alexandria became insolvent and was taken over by the comptroller of the currency.   On November 21, 1931, there was levied an assessment on the capital stock of the closed bank of $100 per share.   The five shares of stock belonging to the decedent Louie Lee, were never transferred on the books of the bank to any one and at all times still appeared on the bank's books in the name of the said Louie Lee.   The heirs of the estate never receipted for the bank stock and never accepted it.   The receiver of the First National Bank in Alexandria brought this action against Julia, Elsie, and Minnie Lee, the heirs of Louie Lee and distributees of the said estate, to recover the assessment levied on the stock.   The

trial court held that the said defendants were not liable and the plaintiff has appealed.

It should be noted in this case that the stockholder's liability on the stock in the First National Bank in Alexandria did not accrue during the administration of the Lee estate. This liability accrued almost a year and a half after the estate had been finally closed and the executor discharged. The assets of the estate are no longer in the hands of the executor. This state of facts distinguishes this case from the case of Hirning v. Kurle, 54 S. D. 334, 223 N. W. 212, in which the liability accrued while the assets of the estate remained in the hands of the administrator.

The facts here presented are somewhat similar to the facts involved in the case of Citizens' Bank of Parker v. Kasten, 54 S. D. 339, 223 N. W. 214, 216, with the exception that the bank here involved is a national bank, and in this case the bank did not close until eighteen months after the estate was fully distributed and the executor discharged, while in the Kasten Case the bank closed and the liability accrued while the estate was being administered, but was not paid by the executor prior to the closing of the estate. In this last cited case this court said:

"We believe that our law upon this point is substantially the same as is the federal law with reference to the statutory liabilities of shareholders in national banks, and that such liability exists against the estate of a decedent in proper case, and in such case action will lie against all the distributees of said estate for recovery to the extent of the assets received by them. * * *

"If the property of the estate is still in the hands of the executor, it can be reached there. If it has passed to the distributees, they are all defendants in this action, and their various equities as between one another can be adjusted by the court below upon proper pleading and proof."

This statement of the court found its principal support in the case of Matteson v. Dent, 176 U. S. 521, 20 S. Ct. 419, 44 L. Ed. 571, wherein the Supreme Court of the United States, following the construction of the Minnesota court of a certain Minnesota statute, held that the distributees of bank stock from an estate were liable for the assessment upon that stock even though the liability did not accrue until after the estate was fully administered. It ap-

pears to us now that, in the case of. Citizens' Bank v. Kasten, supra, this court failed to note the distinction between the Minnesota statute relied upon by the United States Supreme Court in the Matteson Case, and the statutes of this state relating to the subject. This distinction was pointed out by the United States Supreme Court in the recent case of Forrest v. Jack, 294 U. S. 158, 55 S. Ct. 370, 373, 79 L. Ed. 829, 96 A. L. R. 1457, which was decided subsequent to the decision of this court in the Kasten Case. The facts in the case of Forrest v. Jack, supra, were similar to those here involved and similar to those involved in the Matteson Case. The case went up to the United States Supreme Court from the state of Utah, which state had a statute as follows: "When the accounts of the administrator or executor have been settled and an order made for the payment of debts and distribution of the estate, no creditor whose claim was not included in the order for payment has any right to call upon the creditors who have been paid, or upon the heirs, devisees or legatees, to contribute to the payment of his claim." Rev. St. Utah 1933, 102-9-28.

This Utah statute is identical with our statute section 3414, R. C. 1919. Construing that Utah statute the Supreme Court of the United States said: "Viewed in the light of that provision, it is plain that the distribution fully extinguished the estate. It follows that petitioner's real estate that had belonged to decedent never became liable for the assessment."

Then the court distinguished the case of Matteson v. Dent by pointing out the fact that that case was decided upon the construction of the Minnesota statute therein set out. We have in this state no similar statute to the Minnesota statute involved in the Matteson Case. It seems clear to us, therefore, that the case of Matteson v. Dent is no longer authority for the position this court took in the case of Citizens' Bank of Parker v. Kasten, in so far as it might be interpreted to hold that an action would lie against the distributees of an estate for a bank stock liability which accrued after the estate had been fully administered and the executor discharged, but on the contrary the later case of Forrest v. Jack is authority for the holding of the trial court in this case to the effect that the distributees of the Lee estate are not liable for this bank stock liability which accrued after the Lee estate had been closed, the property distributed, and the executor discharged.

█ The liability here sought to be imposed is claimed to arise by virtue of title 12 U. S. C. § 64 (12 U. S. C. A. § 64), which provides that "The stockholders of every national banking association shall be held individually responsible for all contracts, debts, and engagements of such association, each to the amount of his stock therein, at the par value thereof in addition to the amount invested in such stock"; and section 66, which provides that "Persons holding stock as executors, administrators, guardians, or trustees, shall not be personally subject to any liabilities as stockholders; but the estates and funds in their hands shall be liable in like manner and to the same extent as the testator, intestate, ward, or person interested in such trust funds would be, if living and competent to act and hold the stock in his own name." Under these sections collection of the liability thus imposed is to be made in accordance with the state laws governing claims against estates of deceased persons. Forrest v. Jack, supra; Seabury v. Green, 294 U. S. 165, 55 S. Ct. 373, 79 L. Ed. 834, 96 A. L. R. 1463.

█ We are convinced, in view of our statute, section 3414, R. C. 1919 (as stated by the Supreme Court of the United States) that "It is plain that the distribution [of the property of the estate] fully extinguished the estate," and no liability for the bank stock assessment ever attached to the property of the estate. The property of the estate descended to the distributees free from any claim of the plaintiff herein. This conclusion is confirmed by the fact that prior to 1919 our present section 3414, R. C. 1919, had included therein the following: "This section shall not apply to any creditor whose claim was not due ten months before the day of settlement, or whose claim was contingent and did not become absolute ten months before such day." Section 298, Rev. Probate Code 1903.

Therefore under this section, as it read prior to 1919, even though the estate were closed, the heirs, devisees, or legatees could be called upon to contribute to the payment of a contingent claim which did not become absolute ten months prior to the settling of the account of the executor. However, it would seem that, under this section as it read prior to 1919, if a contingent claim did become absolute ten months before the settling of the accounts of the executor and was not included in the order for payment, the

heirs, devisees, and legatees could not be called upon to contribute to the payment of such a claim. In 1919 the Legislature saw fit to omit that portion of the section last above quoted so that, as the section now reads, there is no exception, and it would appear, therefore, that the Legislature intended by omitting the exception to make this statute of general application and to apply to all claims whether contingent or not contingent, due or not due, which were not included in the order of payment. No exception such as contained in our statute prior to 1919 is found in the Utah statute relied upon by the United States Supreme Court in the case of Forrest v. Jack, supra. The appellant here relies to a large extent upon the case of Chitty v. Gillett, 46 Okl. 724, 148 P. 1048, L. R. A. 1916A, 1181. It appears in that case that the claim upon which recovery was had did not become absolute until after the closing of the estate, and, as in South Dakota prior to 1919, the Oklahoma statute at the time of that decision contained the exception that: "This section shall not apply to any creditor whose claim was not due ten months before the day of settlement, or whose claim was contingent and did not become absolute ten months before such day."

See section 5404, Compiled Laws of Oklahoma 1909 (58 Okl. St. Ann. § 598), which section of the Oklahoma law is identical with our section 3414 as it read prior to 1919. While this statute was not referred to in the Oklahoma decision, nevertheless, it would seem to show a difference between the Oklahoma laws as they then existed and the South Dakota laws as they now exist, which cannot be ignored.

The defendants here never owned the stock; it was never registered in their names on the books of the bank; they never asserted any claim of any kind against the stock, or asserted any claim of ownership. The relation of a stockholder in a corporation can be created only by contract, expressed or implied, and cannot be forced on one by virtue of the statute of descent and distribution against one's will so as to subject one to the stockholders' liability. Austin v. Strong, 117 Tex. 263, 1 S. W. (2d) 872, 3 S. W. (2d) 425, 79 A. L. R. 1528. We are satisfied therefore that defendants never became personally liable for the assessment that was made and, having heretofore held that the property

of the estate never became liable for the assessment, we conclude that the trial court correctly ruled when it denied liability in any form against these defendants.

The judgment and order appealed from are affirmed.

All the Judges concur.