## KOHN v. DIXON.
### No. 4396.

Circuit Court of Appeals, Fourth Circuit.

Dec. 14, 1938.

WEBB, District Judge, dissenting.

———◆———

LeRoy R. Cohen, Jr., of Richmond, Va., for appellant.

Peter Otey Miller and Murray M. McGuire, both of Richmond, Va. (McGuire, Riely, Eggleston & Bocock, of Richmond, Va., on the brief), for appellee.

Before NORTHCOTT and SOPER, Circuit Judges, and WEBB, District Judge.

SOPER, Circuit Judge.

The defendant in the District Court appeals from a judgment wherein he was held liable for an assessment on shares of stock of a national bank levied by the Comptroller of the Currency under 12 U.S.C.A. § 64. The District Judge made special findings supported by the evidence which disclosed the following facts:

On December 3, 1930, defendant, the registered owner of 7 shares of stock in the National Loan and Exchange Bank of Columbia, South Carolina, indorsed the certificates in blank. On December 12, 1930, the shares were transferred on the books of the Bank to the Edisto Holding Company, a corporation organized and existing under the general laws of South Carolina and as such expressly forbidden by statute (S.C.Civil Code, Section 7677) to hold bank stock. The Bank suspended its business on March 6, 1933; a receiver was appointed on July 6, 1933; and on November 14, 1933 the Comptroller of the Currency made a 100% assessment ($100 a share) on the capital stock payable on December 21, 1933. The present suit was instituted by the receiver on December 28, 1937. He alleged that the defendant transferred the stock in contemplation of the

impending failure of the Bank, but at the trial the receiver expressly stated that no evidence of this allegation would be offered, and hence the transfer must be accepted as made in entire good faith and without knowledge or contemplation of the Bank's condition. On these facts, the District Judge held that the transfer to the corporation was void; and that the defendant retained the legal title to the stock and liability for the assessment.

It is well settled that the real or beneficial owner of stock, as well as the registered owner who in the strict sense is the "stockholder", is liable under the statute. Ohio Valley National Bank v. Hulitt, 204 U.S. 162, 27 S.Ct. 179, 51 L.Ed. 423; Forrest v. Jack, 294 U.S. 158, 55 S.Ct. 370, 79 L.Ed. 829, 96 A.L.R. 1457; Houghton v. Hubbell, 1 Cir., 91 F. 453; Ericson v. Slomer, 7 Cir., 94 F.2d 437. The registered owner is liable under the statute since he is the stockholder of record and as such holds himself out on the books of the banking association as responsible for the association's defaults; whereas the beneficial owner is held liable because he is the actual owner of the stock and must submit to the burdens as well as the benefits of stock ownership.

It follows, that the mere transfer of the stock certificates by the defendant to the Edisto Holding Company and the registration of the shares in its name on the books of the bank were insufficient to relieve him from liability, if these acts were ineffectual to divest him of ownership of the stock. The Supreme Court of South Carolina has held that a corporation, organized under the general laws of the State, is prohibited by Section 7677 of the Civil Code of the State from owning bank stock, and that an attempted transfer thereof to such a corporation is null and void, and conveys to it no title. White v. Commercial & Farmers' Bank, 66 S.C. 491, 45 S.E. 94, 97 Am.St.Rep. 803; Alderman v. Alderman, 178 S.C. 9, 38, 181 S.E. 897, 105 A.L.R. 102; Nettles v. Sottile, 184 S. C. 1, 191 S.E. 796, 800.

The Supreme Court of the United States in dealing with transfers of bank stock to persons legally incompetent to hold it or to assume liability therefor has reached a similar conclusion. Thus it was held to be ultra vires and beyond the powers of a national bank to acquire the shares of a state bank, California Bank v. Kennedy, 167 U.S. 362, 17 S.Ct. 831, 42 L.Ed. 198; or of a national bank, Concord First National Bank v. Hawkins, 175 U.S. 364, 19 S.Ct. 739, 43 L.Ed. 1007; and that in neither case did it incur liability for an assessment on the stock. See, also, Anglo American Land, M. & A. Co. v. Lombard, 8 Cir., 132 F. 721, certiorari denied 196 U.S. 638, 25 S.Ct. 793, 49 L.Ed. 630, in which the court considered a transfer of stock from stockholders of a Kansas corporation to a Missouri corporation which had no power to hold it. It was held that a transfer, which is ultra vires of the transferee, is not an obstacle to the enforcement of the liability of the transferring stockholder in an action at law. The court said through Van Devanter, C.J. (page 738): "Defendants' transfer of their stock in the Kansas Company was a nullity. Nothing done in pursuance of the transfer, no acquiescence therein, and no receipt of benefits therefrom, could infuse validity into that act, or prevent the successful assertion of its nullity. The claimed estoppel is not tenable. The liability for the corporate debts, with which the holders of the Kansas Company's stock were charged, under the Constitution and laws of Kansas, was not extinguished or discharged by the transfer. That liability did not pass to the Missouri Company, because it could not, and therefore did not, become a stockholder in the Kansas Company. It follows that defendants continued to be stockholders in the Kansas Company, and remained liable for the corporate debts in like manner as if the transfer had never occurred."

The Supreme Court of the United States, in dealing with transfers to persons legally incompetent to contract and assume stockholders' liability, such as an infant, has held that the transferor remained liable even though the transfer had been registered and the name of the transferor no longer appeared as owner on the books of the corporation. Early v. Richardson, 280 U.S. 496, 50 S.Ct. 176, 74 L. Ed. 575, 69 A.L.R. 658; see, also, Aldrich v. Bingham, D.C., 131 F. 363; Foster v. Chase, C.C., 75 F. 797; cf. Heiden v. Cremin, 8 Cir., 66 F.2d 943, 91 A.L.R. 247.

The defendant meets the effect of these decisions with the contention that the transfer made by him in this case was not devoid of legal effect because the stockholders of the holding company acquired a beneficial interest in the stock and therefore became liable for the assessment, even though the holding company itself acquired no title to the stock and incurred no liabil-

308

ity. The Supreme Court of South Carolina in Nettles v. Sottile, 184 S.C. 1, 191 S.E. 796, and this court in Nettles v. Rhett, 4 Cir., 94 F.2d 42, in dealing with the liability for assessments on stock in banks of the state, have both held, under the circumstances there disclosed, that the stockholders of a South Carolina holding company were liable for assessments on the stock of state banks; and like holdings have been made in state and federal courts elsewhere. See the cases cited in Nettles v. Rhett, supra. In all of these cases, however, the evidence clearly brought home to the stockholders of the holding company a knowledge of the facts and a voluntary participation in the ultra vires acts. Indeed it was shown in every case that the holding company was formed to evade an impending statutory liability or to save the bank from disaster or to effect and control an expansion of its business. But no such showing is made here. Nothing more appears than that the defendant assigned his stock to a corporation incapable of holding it and that the stock was registered in the corporation's name. For aught that we are told, the transfer may have been made without the knowledge or consent of the stockholders, and they may be at liberty to repudiate the transaction and have it set aside as an unlawful assumption of power by the corporation.

It is the duty of a transferor of bank stock, who desires to be released from stockholders' liability, to see that the transfer and change of ownership is registered on the books of the bank; and this duty is not fulfilled merely by endorsement and delivery of the stock certificates in blank. Richmond v. Irons, 121 U.S. 27, 58, 7 S. Ct. 788, 30 L.Ed. 864; Church v. Hubbard, 6 Cir., 91 F.2d 406; Friede v. Mackey, Mass., 1937, 10 N.E.2d 102. If the defendant performed this duty in this case, on which point the record is silent, he would have learned the identity of the transferee, and hence he is now chargeable with notice of the incompetency of the transferee to hold the stock. In any event, he cannot now relieve himself from the consequences of his acts by suggesting without proof that the stockholders of the holding company may have acquired a beneficial interest in the stock and have become subject to the stockholders' liability. For these reasons, the judgment of the District Court will be affirmed. Under the circumstances, we have no occasion to consider and do not now determine whether the defendant would have been liable in this case even if it had been shown that the beneficial ownership of the stock and the attendant liability had passed to the stockholders of the holding company.

Affirmed.

WEBB, District Judge, dissents.