**STAUDENMAIER v. BECHAUD.**
**SAME v. BECHAUD et al.**
Nos. 7040, 7041.

Circuit Court of Appeals, Seventh Circuit.
March 2, 1940.

John C. Tonjes and Russell E. Hanson, both of Fond du Lac, Wis., for appellant.

Arthur A. Mueller, of Milwaukee, Wis. (Paul H. Paulsen and Herbert J. Mueller, both of Milwaukee, Wis., of counsel), for appellees.

Before EVANS, MAJOR, and TREANOR, Circuit Judges.

EVANS, Circuit Judge.

We have before us a factual question. All the evidentiary facts are covered by a stipulation.

From the stipulated facts we state the following:

| 1929, | October | 15 | Stock acquired by decedent. |
|---|---|---|---|
| 1931, | December | 3 | Stockholder died intestate. |
| | December | 31 | Son executed trust of his interest in estate. |
| 1932, | December | 17 | Order of county (probate) court assigning distributive shares to heirs. |
| | December | 21 | Widow-administratrix endorsed bank share certificates to self and to son's trustee. |
| | December | 31 | Widow-administratrix received dividend check for $42.50 which she endorsed as administratrix, and received proceeds. |
| 1933, | March | 2 | Bank closed by moratorium. |
| | March | 6 | Attorney for estate sought, but failed, to have stock transferred to defendants, on bank's books. |
| | May | 11 | Receipts signed by heirs for distributive shares. |
| | December | 18 | Receipts for distributive shares by heirs filed with probate court and estate closed. |
| 1934, | January | 2 | Receiver appointed for bank. |
| | March | 19 | Bank declared insolvent as of March 2, 1933, and bank assessment levied. |

It is not shown whether the attorney's action in attempting to have stock transferred on the books of the company was authorized. The physical possession of the certificates continued in the possession of the attorney for the estate. On December 31, 1932, the widow-administratrix received a dividend check from the bank for $42.50. She endorsed this check as administratrix and as such received the proceeds thereof. The mother and son signed receipts dated May 11, 1933, acknowledging receipt of their respective full distributive shares (total amount for each was $37,-240.46) which included the value of the bank stock in question. Upon the filing of these receipts, December 18, 1933, by the administratrix, the court entered its final decree and discharged the administratrix.

We need not question the soundness of defendants' analysis of the issues which they assert to be:

(a) Consent to become a bank stockholder is a necessary part of plaintiff's proof.

(b) There is no presumption that an heir at law accepts bank stock where double liability is an incident of its ownership.

Vol. 7 American Jurisprudence, "Banks," Sec. 92, p. 77.

(c) The burden of proving acceptance in such a case is on plaintiff.

Sharp controversy is at once directed to the query raised by proposition (c),—Was the burden overcome by plaintiff?

■ The following facts are determinative. They establish defendants' acceptance of the stock. They are inconsistent with their contention of non-acceptance. Exercise of dominion over property is inconsistent with the non-acceptance of a gift of said property.

■ When the deceased died intestate, the widow and son were his heirs at law, and they inherited the property. The title to the personal property first passed to the administratrix. But subject to debts and administration expenses, it was on its certain way to the heirs.

The son evidenced his acceptance of one-half of the estate by immediately executing the trust agreement whereby he transferred all of his interest in the estate (including the bank stock) to a trust company.

The widow, nearly a year after her husband died, and after the decree which assigned all personal property (including the bank stock) to her and to her son in equal shares, executed assignments of the stock, one certificate being for 212 shares to herself, and one certificate for 213 shares to the trustee named by her son in the aforementioned trust agreement.

Moreover, as administratrix, she received a dividend check from the bank. This, she cashed. And finally, both of them executed receipts for their shares of the estate of deceased, which receipts were based upon the appraised value that included the value of the bank stock. The execution of these receipts is impliedly an acceptance of the bank stock. It is repugnant to the presumption of non-acceptance.

The District Court erred in holding that the defendants did not accept the bank stock in question after the death of the then owner.*

The judgments are reversed with costs, and with directions to grant a new trial.

---

* For annotations and notes on effect of death of stockholders on stockholders' double liability, see 79 A.L.R. 1537; 96 A.L.R. 1466. See also Forrest v. Jack, 294 U.S. 158, 55 S.Ct. 370, 79 L.Ed. 829, 96 A.L.R. 1457; Pufahl v. Estate of Parks, 299 U.S. 217, 57 S.Ct. 151, 81 L. Ed. 133.