HARR, Secretary of Banking, v. PEOPLE'S NAT. BANK OF NORTH BELLE VERNON et al.

No. 8584.

District Court, W. D. Pennsylvania.

March 13, 1940.

R. K. Portser, of Greensburg, Pa., and Jos. J. Baer, of Uniontown, Pa., for plaintiff.

Carroll Caruthers and Thomas G. Taylor, both of Greensburg, Pa., for defendants.

SCHOONMAKER, Judge.

This is a suit by the liquidator of the Valley Deposit and Trust Company of Belle Vernon, Pennsylvania, a Pennsylvania banking corporation, against the People's National Bank of North Belle Vernon, Pennsylvania, a national bank existing under the laws of the United States, and its liquidating trustees. The statement of claim discloses that the suit is to recover $37,402.66 charged to be a stockholders' liability of the stockholders of said National Bank, which is payable to the Valley Deposit & Trust Company under the terms of a written agreement between National Bank and said Trust Company, dated July 22, 1930, wherein said National Bank conveyed to said Trust Company all of its property and assets; and said Trust Company assumed and agreed to pay and discharge out of such assets all of the liabilities and obligations of said National Bank, other than the liability of its stockholders as such. In order to effectuate the assignment of the stockholders' liability under the laws of the United States, the agreement provided that the corporate existence was to be continued until the absorption and liquidation of the bank were completed; and that the liability to the stockholders might be enforced for payment and collection of any deficit that might result from the absorption and liquidation of such assets. For the better evidence of this liability, the agreement provides that the Bank should execute its demand-note to the Trust Company in the sum of $100,000.

The statement of claim further alleges that the plaintiff, as receiver of said Trust Company, has assets available under said agreement of July 22, 1930, towit: of a market value of $32,157.45 to pay present deposit liability of said Bank of approximately $69,560.11: that therefore there is a deficit resulting of approximately $37,-402.66, for which amount this suit is brought.

The defendants have filed an affidavit of defense raising questions of law under the old practice, which, under Rule 12(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, would be a motion to dismiss for failure to state a claim upon which relief may be granted. We therefore construe defendants' affidavit of defense raising questions of law as a motion to dismiss. In our opinion, the statement of claim or complaint fails to state a cause of action on which relief may be granted. This suit is for the purpose of compelling the Bank and its liquidating trustee to pay the liability which may be assessable upon the stockholders of the Bank. Neither the Bank nor its liquidating trustees have any power or duty to enforce this statutory liability of stockholders of a National Bank; nor may they make any legal contract so to do.

The statutory liability of stockholders of a National Bank is based solely on the statute, Title 12 U.S.C.A. §§ 63 and 64. That liability may be enforced by an assessment upon the stockholders by the Comptroller of the Currency, in case a National Bank has been closed by said Comptroller and a receiver appointed by him. And that assessment is an indispensable prerequisite to a suit against stockholders, because no cause of action arises under this section until the Comptroller has made an assessment against the stockholders. See Forrest v. Jack, 294 U.S. 158, 162, 55 S.Ct. 370, 79 L.Ed. 829, 96 A.L.R. 1457; Rankin v. Barton, 199 U.S. 228, 232, 26 S.Ct. 29, 50 L.Ed. 163. The Comptroller of the Currency has not taken over this Bank, appointed a receiver, or made an assessment. Consequently that course of procedure would not apply to the instant case.

Where a National bank is in course of voluntary liquidation under Sections 181 and 182 of Title 12 of the U.S.C.A., the legal procedure to enforce the statutory liability provided by Section 65 of Title 12 is by bill in equity in the nature of creditor's bill brought by such creditor in behalf of himself and all other creditors of the bank against the stockholders thereof. See Brown v. O'Keefe, 300 U.S. 598,

604, 57 S.Ct. 543, 81 L.Ed. 827. That procedure has not been followed in the instant case. This suit is not against the stockholders of the Bank, but against the Bank itself and its liquidating trustees. It is based upon the assumption that by virtue of the agreement sued upon, the Bank assigned to the Trust Company the statutory liability resting upon its stockholders by virtue of the laws of the United States. That the Bank did not do. What the Bank conveyed by that agreement is defined by the first paragraph of the agreement of July 22, 1930 (Exhibit A) attached to the statement of claim as follows:

"First: The Bank hereby grants, bargains, sells, assigns, transfers and sets over unto the Trust Company, all of its property and assets of every kind, character and description, real, personal and mixed, as owned and possessed by it, at the close of its business on July 22, 1930, and including all of its cash, currency, gold, silver, specie, notes whether promissory, judgment or collateral, together with any and all collateral securing said notes, trade acceptances, accounts receivable, choses in action, stocks, bonds, judgments and mortgages, together with the bonds thereby secured. Complete schedules of said property and assets shall forthwith be made, which schedules shall contain a sufficient description of each item of property to reasonably identify it, and shall be authenticated by the signatures of the parties hereto, and be and become a part hereof."

The statutory liability of the stockholders of the Bank was not an asset of the Bank. It is a liability imposed by statute on the stockholders, which is enforceable against them only in the manner pointed out by the statute. The Bank itself had no right or obligation to enforce the statutory obligation, and therefore could not assign it.

In paragraph eighth of the agreement it is provided as follows: "Eighth: The Bank will not again engage in business without the consent of the Trust Company and in order to effectuate the assignment of the stockholders' liability under the law of the United States Hereinbefore made and to better enable the Trust Company to enforce such liability, the corporate existence of the Bank shall be continued until the absorption and liquidation of its assets is completed, and the liability of the stockholders may be enforced for the payment and collection of any deficit that may result from the absorption and liquidation of such assets. To better evidence this liability, the Bank will execute, pursuant to resolution of its Board of Directors duly adopted, a note payable to the order of the Trust Company sixty (60) days after demand, in the sum of One Hundred Thousand ($100,000.00) Dollars, which note shall be authenticated by the signature of the President and cashier of the Bank and its corporate seal." This paragraph is entirely ultra vires the Bank. It had no power to assign the stockholders' liability, or to give a note for $100,000 to effectuate such an assignment.

We therefore hold that the statement of claim fails to state a cause of action upon which relief may be granted, and will enter an order dismissing the action on that ground.

An order in accordance with this opinion may be submitted.