### SCHRAM v. KAPLAN et al.
### No. 974.

District Court, E. D. Michigan, S. D.

Feb. 18, 1942.

Robert S. Marx, of Detroit, Mich., for plaintiff.

Field, Lovejoy & Kaplan, of Detroit, Mich., for defendant.

PICARD, District Judge.

This is an action brought by the receiver of First National Bank-Detroit versus these defendants where two defenses have been advanced—one by Nathan N. Kaplan, questioning the necessity of the bank assessment, and the other by Mabel Kaplan, who claims that although the stock was in her name it was purchased by her from funds belonging to her daughter for whom she was acting as trustee—a fact known to the bank. Nathan N. Kaplan, the husband, claims the right to question the finding of the Comptroller of the Currency that a collection of a 100 per cent. assessment against First National Bank-Detroit was necessary. He does not plead fraud, but raises the point that there is sufficient money now in possession of the receiver to pay all depositors 100 cents on a dollar.

For the purpose of this opinion also it is admitted that the stock really did belong to the daughter, although in the name of the wife.

#### Conclusions of Law.

Ever since the bank holiday in 1933 the exact question raised by the husband in this case has been before the courts on numerous occasions and always with the same result, viz: that the defense was entirely without merit. Luckily bank assets which were of no, or doubtful, value in 1933 have proven of some worth. Stocks and bonds have all increased in value as a result of which what were or

may have been defunct banks back in 1937 are no longer defunct banks. Unhappily for defendants, however, the fluctuations of a bank's assets cannot be followed from day to day by the courts.

Perhaps there are sufficient assets in the bank today because other stockholders paid their assessments and without any decisions on this question at all as authority, this court would certainly hold that since the other stockholders had paid their assessments contributing to the present improved financial position, defendants certainly should be obligated to do likewise.

However, there are numerous authorities supporting plaintiff's position that unless there is fraud the exercise of discretional power vested in the Comptroller is final and conclusive. Adams v. Nagle et al., 303 U.S. 532, 58 S.Ct. 687, 82 L.Ed. 999; Schram v. Lucking et al., D.C., 31 F.Supp. 749; Heitman et al. v. Davis et al., 7 Cir., 119 F.2d 975.

■ The second question raised, affecting Mrs. Kaplan, we believe without merit. Under 12 U.S.C.A. § 64, both the registered owner and the actual owner are liable for the assessment. Ericson v. Slomer, 7 Cir., 94 F.2d 437; and Munro v. Huber et al., 2 Cir., 109 F.2d 97, 98.

"It is insisted that the officers and directors of the bank had knowledge that Leonard was the real owner of the stock. The district judge found to the contrary. But the point has no merit in any event. Liability is visited on the stockholder of record on the view that depositors and others dealing with the bank have a right to rely on the record ownership of stock. It is of no moment what the officers and directors of the bank may know about the ownership."

■ The trustee has no personal liability under Section 66 of 12 U.S.C.A., the National Bank Act, but the stock must appear to be in the name of the trustee "as trustee". Forrest v. Jack, 294 U.S. 158, 55 S.Ct. 370, 79 L.Ed. 829, 96 A.L.R. 1457 with cases cited therein; Kohn v. Dixon, 100 F.2d 306.

■ Defendant claims that she had to take it in her name because an infant could not be the holder of stock. In Heiden v. Cremin, 8 Cir., 66 F.2d 943, 91 A.L.R. 247 a fair reading of the case would indicate that stock may be held by the trustee for an infant. If this had been done then defendant would not have been liable. However, she kept it in her own name, and under the law and decisions this court has no other alternative but to hold that the plaintiff can also recover in this instance.