### ANDERSON v. BRADY et al.

### No. 4081.

District Court, E. D. Kentucky.

April 25, 1946.

See also 6 F.R.D. 587.

Nichols, Wood, Marx & Ginter, of Cincinnati, Ohio, for plaintiff.

Martin & Smith, of Catlettsburg, Ky., for defendants.

SWINFORD, District Judge.

Plaintiff's motion to amend the petition to conform to the proof as it relates to the claim against L. G. Brisbin and E. W. Seaton should be overruled.

To permit this amendment to be filed would be in effect to permit the bringing of the action against new parties in whose favor the statute of limitation has long since run. KRS 413.120. This statute of limitation bars any right of action against these named defendants personally. Section 413.200 KRS bars any right of action against them in their representative capacity. Forrest v. Jack, Receiver, 294 U.S. 158, 55 S.Ct. 370, 79 L.Ed. 829, 96 A.L.R. 1457; Hart v. Burke et al., 3 Cir., 108 F.2d 82.

Rule 15, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, allowing amendments to pleadings cannot be construed to enable a party to avoid the effect of a statutory limitation fixing the time in which actions of this character must be brought. L. E. Whitham Construction Co. v. Remer, 10 Cir., 105 F.2d 371; Schram v. Poole, 9 Cir., 97 F.2d 566.