## HANLEY v. CORWIN.
### No. 6657.

District Court, E. D. New York.
Feb. 11, 1936.

F. R. Serri, of Brooklyn, N. Y., for plaintiff.

William V. Hagendorn, of Brooklyn, N. Y., for defendant.

MOSCOWITZ, District Judge.

This is a motion to dismiss the three separate defenses contained in the defendant's answer herein upon the ground that they are insufficient in law. The action was brought by plaintiff, as receiver of the Ozone Park National Bank of New York, to recover from the defendant, a stockholder of said bank, the amount of a stock assessment levied by the comptroller of the currency.

For his first defense, defendant alleges that the orders and statutes by virtue of which the Ozone Park National Bank of New York was closed, and its business suspended, on March 4, 1933, and the subsequent acts and proceedings taken thereunder, were unconstitutional, for the reason that they deprived the defendant of his property and his right to the use and enjoyment thereof, without due process of law, in violation of the Fourteenth Amendment of the Constitution.

It must be noted that plaintiff's cause of action is brought pursuant to the following provisions of the National Banking Act:

"The stockholders of every national banking association shall be held individually responsible for all contracts, debts, and engagements of such association, each to the amount of his stock therein, at the par value thereof in addition to the amount invested in such stock." 12 U.S.C.A. § 64.

"Whenever the comptroller shall become satisfied of the insolvency of a national banking association, he may, after due examination of its affairs, * * * appoint a receiver who shall proceed to close up such association, and enforce the personal liability of the shareholders, as provided in section 192." 12 U.S.C.A. § 191.

The complaint sets forth all necessary allegations for a cause of action under the aforequoted provisions of law. Defendant's counsel, upon oral argument and in his brief, has not indicated how the interposition of a defense relating to the constitutionality of the statutes and orders by virtue of which the bank was closed on March 4, 1933, can possibly serve to defeat the plaintiff's right to recover. Without considering whether the language contained in the first defense herein states new matter, within the meaning of these words as used in connection with defenses, it is enough to state that nothing therein contained can in any wise serve to defeat, mitigate, or reduce the plaintiff's

remedy. The defense is clearly insufficient in law.

■■ The crux of the second defense of defendant's answer is contained in paragraph 10 thereof wherein it is stated that if the said Ozone Park National Bank of New York became insolvent, such insolvency was due to the illegal and unwarranted acts and directions of the comptroller of the currency and his duly authorized agents, and not by reason of any acts or the omission to perform any acts on the part of the officers, directors, or stockholders of the said bank. To my mind, there are not contained in the other paragraphs under defendant's second defense any ultimate facts sufficient to constitute a valid defense in law. No allegations are set forth which can support the general conclusion that the insolvency of the bank was due to the illegal and unwarranted acts of the comptroller of the currency. The acts referred to are those which were taken by the comptroller pursuant to the federal emergency legislation and orders issued thereunder early in 1933. Section 5, title 50, U.S.C.A.Appendix; section 95, title 12 U.S.C.A.; Presidential Proclamations March 6 and 9, 1933 (12 U.S.C.A. § 95 note); Executive Orders 6073 and 6080 (12 U.S.C.A. § 95 note, § 203 note). If it be assumed, arguendo, that insolvency of the bank caused by alleged illegal acts of the comptroller would constitute a defense to a cause of action as herein set forth, it is answer enough that the acts of the comptroller referred to in the second defense were not illegal. They were such only if, as defendant contends, the foregoing legislation was not constitutional. Upon this point I am in complete accord with the holding in City of East Cleveland v. Fidelity & Deposit Co. of Maryland (D.C.) 5 F.Supp. 212, that there can be no doubt as to the validity of that legislation. See, also, Sneeden v. City of Marion (C.C.A.) 64 F.(2d) 721.

■ It is defendant's remaining defense that the alleged insolvency of the Ozone Park National Bank of New York was due wholly to circumstances beyond the control of its officers, directors, and stockholders of the said bank, and that insolvency resulting from extraordinary economical conditions and circumstances was and is not within the contemplation of the statutes upon which this action is predicated. It would seem enough to state in regard to this defense that if in a suit brought by a receiver to enforce the individual liability of stockholders, a stockholder is not permitted to defend upon the ground that the bank is not insolvent (Barbour v. Thomas [D.C.] 7 F.Supp. 271, and cases therein cited), then, a fortiori, the peculiar or particular circumstances which caused such insolvency cannot serve as a basis for defense by a stockholder.

Motion granted.