### GEBER v. GOSSWEYLER et al.
**Law 62–246.**

District Court, S. D. New York.
Feb. 17, 1937.

Blake Washington, of Monticello, N. Y., for plaintiff.

Ellsworth Baker, of Monticello, N. Y., for defendants.

PATTERSON, District Judge.

The action is one at law by the receiver of a closed national bank to collect an assessment levied by the Comptroller of the Currency against stockholders. The plaintiff moves for summary judgment; the defendants move for leave to serve an amended answer.

The complaint is in the conventional form for collection of assessments. It sets forth the closing of the bank on March 4, 1933, the appointment of the plaintiff as receiver, the levy of assessment by the Comptroller, the ownership of stock by the defendants, the nonpayment of the assess-ment. In the original answer the defendants admitted all the essential averments in the complaint (except that the defendant Baer denied that he owned stock), but pleaded that the bank was and always has been solvent and that the assessment was unnecessary. In the proposed amended answer, two more matters are pleaded in defense. One was that the closing of the bank, the receivership, and the resulting assessment were in furtherance of a policy to close this bank and others located in small communities, and that the assessment was consequently in bad faith, illegal, and void. The other was that the closing of the bank was caused by an unprecedented financial collapse, and that the statute (12 U.S.C.A. §§ 63, 64) imposing personal liability on stockholders did not apply to such a case. By affidavits submitted with the amended answer, several of the defendants and others show that they submitted to a Deputy Comptroller a plan for reopening the bank but were told that the plan would not be considered because the Comptroller was opposed to small banks in small communities.

The plaintiff should have summary judgment. The answer and proposed amended answer do not tender a single issue serious enough to be tried. For upwards of sixty years it has been the law that the decision of the Comptroller that an assessment on stockholders is necessary to pay the debts of a closed national bank is conclusive on stockholders. Kennedy v. Gibson, 8 Wall. 498, 19 L.Ed. 476; Casey v. Galli, 94 U.S. 673, 24 L.Ed. 168; Christopher v. Norvell, 201 U.S. 216, 26 S.Ct. 502, 50 L.Ed. 732, 5 Ann.Cas. 740; Forrest v. Jack, 294 U.S. 158, 162, 55 S.Ct. 370, 371, 79 L.Ed. 829, 96 A.L.R. 1457. Strong reasons of public policy support the rule. It is true that courts have sometimes qualified the rule by saying that fraud or illegality will upset the assessment, although I know of no instance where an assessment was actually upset on either of these grounds. In any event the facts relied on by the defendants do not show fraud or illegality in the assessment. I take it that the question whether the bank should be reopened was one within the discretion of the Comptroller. But even if he abused his discretion in turning down the proposed reopening, it does not follow that his subsequent actions in liquidating the bank's affairs were void or that the ensuing assessment was one made illegally or in fraud of the stockholders. See Schram v.

Schwartz, 68 F.(2d) 699 (C.C.A.2); Meeker v. Baxter, 83 F.(2d) 183 (C.C.A.2).

The defense based on the bank panic will not do. It does not matter whether the bank's inability to pay debts was due to inside or outside causes. The statute imposing liability on stockholders makes no exceptions. There is no foundation for the idea that imposition of liability where the failure was not due to fault by officers, directors, or stockholders is against the spirit of the statute. See Barbour v. Thomas, 86 F.(2d) 510 (C.C.A.6).

The mere statement by the defendant Baer that he had sold his stock prior to closing does not free him from liability. The plaintiff's affidavit shows that Baer remained owner of record of the shares, and this fact is ordinarily enough to fix liability on him. Matteson v. Dent, 176 U.S. 521, 20 S. Ct. 419, 44 L.Ed. 571.

The defendants' motion for leave to put in an amended answer will be denied. The plaintiff's motion for summary judgment will be granted.