MUNRO v. POST et al.

No. L–6444.

District Court, E. D. New York.
March 9, 1938.

John L. Farrell, of New York City, for plaintiff.

Abraham Fishbein, of New York City, for defendant Post.

MOSCOWITZ, District Judge.

This is an action brought by James J. Munro, as receiver of the Richmond National Bank of New York, against the defendants Jacob Post and Casper V. Gunther. The defendant Gunther answered but defaulted on the trial. The defendant Post being the only one to make an appearance at the trial. Two causes of action are set forth in the complaint.

The first alleges the closing of the bank on March 4, 1933, the appointment of the conservator on March 28, 1933, and the subsequent appointment of the plaintiff as receiver on November 14, 1933. It further alleges that on March 7, 1934, the Comptroller of the Currency levied an assessment on stockholders equal to the full par value of the shares of capital stock of the bank. The complaint then alleges the ownership by the defendants of stock in the bank, the demand for payment, and the refusal of the defendants to pay any part of the assessments.

The second cause of action concerns the defendant Post alone, and alleges that on December 13, 1932, he transferred 58 shares of stock of the bank with knowledge of the impending failure of the bank to meet its obligations. At the time of the transfer Post was president of the bank.

The National Banking Act, title 12 U. S.C.A. § 64, provides: "The stockholders of every national banking association shall be held individually responsible for all contracts, debts, and engagements of such association, each to the amount of his stock therein, at the par value thereof in addition to the amount invested in such stock. The stockholders in any national banking as-sociation who shall have transferred their shares or registered the transfer thereof within sixty days next before the date of the failure of such association to meet its obligations, or with knowledge of such impending failure, shall be liable to the same extent as if they had made no such transfer, to the extent that the subsequent transferee fails to meet such liability * * *."

The National Bank Act, title 12 U.S.C. A. § 191, further provides: "* * * whenever the comptroller shall become satisfied of the insolvency of a national banking association, he may, after due examination of its affairs, * * * appoint a receiver who shall proceed to close up such association, and enforce the personal liability of the shareholders * * *."

Aside from one point, the various defenses raised by the defendants have been adequately discussed in Hanley v. Corwin, 15 F.Supp. 396, D.C.E.D.N.Y., affirmed 2 Cir., 89 F.2d 1008, and there found deficient. This additional point, upon which the defendant Post places much emphasis, arises from the fact that, in a "further and better statement" which the plaintiff made to the defendants, he stated that he would prove insolvency of the bank on March 4, 1933. The failure to produce affirmative evidence in support of this point is now sought to be made the basis of dismissal of both causes of action.

This contention ignores the fact that the statute does not require that insolvency be proved as of a fixed date in order to justify an assessment upon stockholders. It is sufficient that insolvency be proved. The appointment of the receiver and the levying of the assessment were adequate proof of that. It has long been held that the acts of the Comptroller in finding the insolvency, upon which he predicates the appointment of a receiver, may not be avoided by a court except for clear error of law, fraud, or mistake. B. V. Emery & Co. v. Wilkinson, 10 Cir., 72 F.2d 10; Geber v. Gossweyler, 18 F.Supp. 925, D.C. S.D.N.Y. So far as the liability of stockholders for an assessment is concerned, it is immaterial when insolvency occurs so long as those sought to be assessed are stockholders at the time the assessment is levied. Pyne v. Jackman, 12 F.Supp. 653, D.C.S.D.N.Y., cited by the defendant, is not in point since in that case liability of the defendant stockholders was being predicated upon a transfer within 60 days of the bank's failure to meet its obligations.

Thus in that case the date when this failure occurred was most significant.

■ So fas as the second cause of action is concerned, the evidence sufficiently indicates that Post transferred with knowledge of the impending failure of the bank to meet its obligations. The testimony of the bank examiner established that his examinations in June, 1932, and again in December, 1932, indicated a capital impairment. This fact he brought home to the officers and directors by a request that they make good the deficiency. If anyone had knowledge of the impending failure of the bank to meet its obligations, it was Post, its president. Yet, in the face of this knowledge, he transferred 58 shares of his stock in the bank. Under the circumstances, the National Banking Act makes him liable for the amount of the assessment.

Judgment will be entered against the two defendants for the amounts demanded against them in the complaint.

Settle findings and decree on notice.