## MUNRO v. POST.
### No. 225.

Circuit Court of Appeals, Second Circuit.
March 27, 1939.

Abraham Fishbein, of New York. City, for appellant.

John L. Farrell, of New York City, for appellee.

Before SWAN, AUGUSTUS N. HAND, and PATTERSON, Circuit Judges.

PATTERSON, Circuit Judge.

The plaintiff, receiver of the Richmond National Bank of New York, brought action to recover from the defendant, a stockholder, an assessment made by the Comptroller of the Currency. The complaint was in two counts. The first was that the Comptroller on November 14, 1933, became satisfied that the bank was insolvent and appointed the plaintiff receiver, that the Comptroller later made an assessment on the stockholders, that the defendant was the owner of 67 shares of stock at the time of the failure and was therefore liable for $1,340. The second count made the further charge that prior to the failure, on December 13, 1932, the defendant had transferred 58 shares of stock to one Essenfeld with knowledge of the impending failure of the bank, that Essenfeld had failed to pay the assessment, and that the defendant was liable for the assessment on the 58 shares in the amount of $1,160. The defendant put in an answer denying portions of the complaint and setting up as a separate defense that if the bank was insolvent, insolvency was due to the act of the Comptroller in closing the bank and in arbitrarily refusing to permit it to re-open, rather than to any misconduct of the officers, directors or stockholders. Further defenses were that the insolvency was due to circumstances beyond the control of those in charge of the bank, and that the orders whereby the bank was closed were unconstitutional and void.

At trial on the merits a jury was waived. The receiver proved, as to the first count, a certificate of the Comptroller under date of November 14, 1933, reciting that he was satisfied that the bank was insolvent and unable to pay its debts and appointing the plaintiff receiver. He proved also that the Comptroller by instrument of March 7, 1934, made an assessment on the stockholders for an amount equal to the par value of the stock, and that the defendant was the owner of record of 67 shares of stock when the assessment was made. Under the second count the receiver proved, by evidence or admissions, that the defendant had transferred 58 shares of stock on December 13, 1932, to Essenfeld, and that Essenfeld had not paid the assessment. On the issue of knowledge of impending failure of the bank, it was brought out that a bank examiner in June, 1932, had made a report on the condition of the bank, in which he declared that the bank was in a precarious condition and that there was an estimated insolvency to the extent of $120,000. The report was shown to have come to the attention of the defendant prior to the transfer of the shares, the defendant being the president of the bank. The trial judge held that the receiver had proved his case and that the separate defenses pleaded by the defendant were insufficient. He directed judgment for the receiver on both counts. D.C., 23 F.Supp. 308.

The decision of the trial judge on these points was sound. The National Banking Act makes stockholders individually liable for debts of a bank up to the par value of their stock, and imposes the same liability on stockholders "who shall have transferred their shares * * * with knowledge of such impending failure, * * * to the extent that the subsequent transferee fails to meet such liability". 12 U.S.C.A. § 64. The Act also authorizes the Comptroller, when "satisfied of the insolvency of a national banking association", to appoint a receiver to close up the bank and enforce the liability of stockholders. 12 U.S.C.A. § 191. The declaration of the Comptroller as to insolvency and his declaration of assessment are conclusive on the issues of insolvency and necessity of assessment. Kennedy v. Gibson, 8 Wall. 498, 19 L.Ed. 476; Casey v. Galli, 94 U.S. 673, 24 L.Ed. 168; Germania National Bank v. Case, 99 U.S. 628, 25 L.Ed. 448; Christopher v. Norvell, 201 U.S. 216, 26 S.Ct. 502, 50 L.Ed. 732, 5 Ann.Cas. 740. Defenses which charge arbitrary action by the Comptroller, assert freedom from fault on the part of those in charge of the bank, and lay the blame on the banking holidays, are worthless. Barbour v. Thomas, 6 Cir., 86 F.2d 510; Hanley v. Corwin, D.C., 15 F.Supp. 396, affirmed 2 Cir., 89 F.2d 1008; Geber v.

Grossweyler, 18 F.Supp. 925, D.C.N.Y. The receiver gave proof enough on the first count when he put in evidence the order of the Comptroller declaring insolvency and appointing a receiver, the order of assessment, and the defendant's record ownership of stock. On the second count he did all that was required when he proved transfer of shares by the defendant, non-payment of assessment by the transferee, and facts indicating the defendant's knowledge of the failing condition of the bank.

The defendant insists that the complaint should have been dismissed for failure of the receiver to prove the date on which the bank became insolvent and unable to meet obligations. The contention, so stated, is without merit. The receiver of a failed bank need not plead or prove that on such and such a date the bank for the first time became insolvent, except of course where the asserted liability is based on a transfer made within 60 days prior to failure. It suffices that the Comptroller ultimately became satisfied as to insolvency and appointed a receiver. But the defendant points out that prior to the trial a judge other than the judge who tried the case had ordered the receiver to amend his complaint so as to allege the date on which he expected to prove insolvency, and that the receiver in deference to the order had pleaded that he would prove insolvency on March 4, 1933. The argument is that the trial judge, in dispensing with proof of insolvency on that date, set at naught the order of the first judge and disregarded the "law of the case". The quoted phrase, when used to express the duty of a lower court to follow what has been decided by a higher court at an earlier stage of the case, applies to everything decided, either expressly or by necessary implication. It has a narrower meaning in connection with the duty of a judge to adhere to a ruling previously made in the case by another judge of the same court. The "law of· the case" in the latter sense requires that the order of the first judge, unless merely a formal or an ex parte order, shall not be vacated or nullified by a later judge of the same court. Commercial Union of America v. Anglo-South American Bank, 2 Cir., 10 F.2d 937. Beyond that it does not go. It does not bind a judge to follow the reasons given by an earlier judge. Potts v. Haverstraw, 2 Cir.,

93 F.2d 506. See, also, Schaffran v. Mount Vernon-Woodberry Mills, 3 Cir., 70 F.2d 963, 94 A.L.R. 543; In re Giannini, Inc., 2 Cir., 90 F.2d 445, 111 A.L.R. 1492. The order requiring amendment of the pleadings was not vacated by the trial judge. What reasons the first judge had for ordering the amendment do not appear; they certainly were not sound. Whatever the reasons, the trial judge was not bound to adopt them. He was right in holding that the receiver was not required to prove that the bank was insolvent on the date specified in the amendment.

Judgment affirmed.