**AMERICAN HOME ASSURANCE CO.**
v.
**AMERICAN FIDELITY, etc.**
No. 64 Civ. 1779.

United States District Court
S. D. New York.
Oct. 28, 1966.

Harold Davis, New York City, for plaintiff.

Alan G. Fleischer, Richmond, Va., for defendant.

COOPER, District Judge.

Pursuant to Rule 60(b), F.R.Civ.P., defendant moves to vacate the judgment of Judge Levet entered on May 10, 1965 and affirmed by our Circuit. American Home Assurance Co. v. American Fidelity Casualty Co., 356 F.2d 690 (2d Cir. 1966). Motion denied.

■ While this Court retains broad equity powers to undo a stay found inequitable if prospectively enforced, defendant has submitted no evidence of any change in circumstances occurring since entry of judgment. Plaintiffs' present refusal to proceed is not tantamount to such change.

■ There has been no "fraud" upon the Court sufficient to vacate the judgment. Defendant has set out no act or omission which could be seen as preventing the Court from performing " * * * in the usual manner its impartial task of adjudging cases * * *." 7 Moore, Federal Practice ¶ 60.33, p. 512. See Martina Theatre Corp. v. Schine Chain Theatres, Inc., 278 F.2d 798, 801 (2d Cir. 1960).

Defendant moves in the alternative for an order appointing plaintiffs' panel of arbitrators pursuant to the arbitration agreement. In opposition, plaintiffs allege that since entry of judgment the method of selecting the arbitrators was changed by agreement of counsel and ask that this agreement should be enforced. Upon the papers before us, the interchange of comment between counsel does not amount to an enforceable agreement.

■ It is now plaintiffs' contention that the process of selecting the third arbitrator is illegal because it might ultimately result in his selection by lot. This Arbitration Clause was directly before Judge Levet. Whether we regard it "law of the case" (See Munro v. Post, 102 F.2d 686 (2d Cir. 1939)) or "estoppel" (See Bertha Bldg. Corp. v. Nat'l Theatre Corp., 269 F.2d 785, 787–88 (2d Cir. 1959)), plaintiffs are barred by the former action from now attacking the arbitration procedure they previously sought enforced.

■ Moreover, it is clear that the law of New York will enforce virtually any arbitration procedure or method of selecting arbitrators that the parties have agreed upon. See Matter of Astoria Medical Group, 11 N.Y.2d 128, 227 N.Y.S.2d 401, 182 N.E.2d 85 (1962). The standard "tripartite" board which plaintiff now attacks is specifically approved.

Accordingly, plaintiff is ordered to follow the arbitration procedure con-

tracted for. If within thirty days from service of this order, plaintiffs have not appointed arbitrator(s), this Court will undertake to do so.

All other requests for relief by both parties are denied.

Settle order on notice.