O. George SPECHT, Jr. and June B. Specht, Plaintiffs–Appellees,

v.

Roger JENSEN, Doug Martin, and Don Owens, Defendants–Appellants,

Pat Tellier and Ken Jacobs, Defendants.

O. George SPECHT, Jr. and June B. Specht, Plaintiffs–Appellants,

v.

Roger JENSEN, Pat Tellier, Doug Martin, Don Owens and Ken Jacobs, Defendants–Appellees.

Nos. 85–1457, 85–1533.

United States Court of Appeals, Tenth Circuit.

Dec. 19, 1988.

Theodore S. Halaby (Robert M. Liechty with him on the brief), of Halaby & McCrea, Denver, Colo., for defendants Jensen, Martin and Owens.

Arthur H. Bosworth, II (Michael J. Peterson with him on the brief), of Bosworth & Slivka, Denver, Colo. for plaintiffs-appellees.

Before McKAY, SETH, and SEYMOUR, Circuit Judges.

SEYMOUR, Circuit Judge.

George and June Specht brought an action to recover damages under 42 U.S.C. § 1983 (1982), resulting from the alleged illegal search of their home and George Specht's office. A jury found in favor of the Spechts and defendants appealed. A panel of this court affirmed. *Specht v. Jensen*, 832 F.2d 1516 (10th Cir.1987) (*Specht I*). Without vacating the panel opinion, the Court granted limited rehearing en banc, *Specht v. Jensen*, 837 F.2d 940 (10th Cir.1988) (*Specht II*), and held that the trial court's admission of certain expert testimony constituted reversable error, *Specht v. Jensen*, 853 F.2d 805 (10th Cir. 1988) (*Specht III*). The Spechts had originally filed a cross-appeal, which the panel deemed abandoned in view of its decision to affirm. *Specht I*, 832 F.2d at 1519 n. 3. Upon the en banc court's conclusion that the jury verdict must be reversed, the cross-appeal was reinstated, *Specht III*, 853 F.2d at 810, and we address it now.

The facts underlying the Spechts' claims are set out in detail in the panel opinion, *see Specht I*, 832 F.2d at 1518–20, and we will not repeat them here. In their cross-appeal, the Spechts raise several issues which the en banc grant of a new trial has made it unnecessary for us to consider.[1] However, the Spechts assert four issues that must be decided before a new trial: they contend that the district court erred by 1) refusing to admit a press release issued by Steamboat Springs officials after the alleged illegal searches had occurred; 2) ordering their expert to give defendants the raw results of psychological tests administered to June Specht; 3) directing a verdict for Defendant Steamboat Springs; and 4) striking their state claims based on the Colorado constitution.

I.

■ Defendants filed a motion in limine with respect to a press release issued by the City of Steamboat Springs, which the district court granted. The Spechts raised the issue again at trial and the court reiterated its ruling that the evidence was not admissible. On appeal, the Spechts contend that the lower court erred in characterizing the press release as inadmissible evidence of subsequent remedial measures.

The admission of subsequent remedial measures is governed by Rule 407 of the Federal Rules of Evidence, which provides in pertinent part: "When, after an event, measures are taken which, if taken previously, would have made the event less likely to occur, evidence of the subsequent measures is not admissible to prove negligence or culpable conduct in connection with the event." The press release here summarizes the results of the City's investigation of the incidents giving rise to the lawsuit. The release states that the officers involved exercised poor judgment in failing to read the writ of assistance thoroughly, and that appropriate disciplinary action would be taken. The release thus sets out remedial measures taken by the City to prevent the recurrence of the poor judgment the investigation revealed, and is therefore within the ambit of Rule 407. *See Maddox v. City of Los Angeles*, 792

1. The Spechts argue that the district court erred in refusing to grant their motion to reopen discovery. This issue has been rendered moot by the grant of a new trial. The Spechts also appeal the denial of prejudgment interest, an issue that will only arise if plaintiffs are successful on retrial.

**702**

F.2d 1408, 1417 (9th Cir.1986) (disciplinary proceeding constituted inadmissible remedial measure); *cf. Rocky Mountain Helicopters, Inc. v. Bell Helicopters, Inc.*, 805 F.2d 907, 918–19 (10th Cir.1986) (even though investigative report itself admissible, remedial measures taken pursuant to such investigation prohibited by Rule 407). The district court did not abuse its discretion by excluding the press release.

### II.

The Spechts contend that the district court abused its discretion by ordering June Specht's psychological expert to produce his raw data in violation of the American Psychological Association standards. We conclude there was no reversible error. It was the doctor, not the plaintiffs, who objected to producing the data at the deposition. Moreover, although June Specht asserts in conclusory language that she was prejudiced at trial as a result of the court's ruling, she does not describe the prejudice.

### III.

The district court granted a directed verdict for the City of Steamboat Springs, holding that "in order for inaction to provide a basis for a city's liability, the inaction must be deliberate indifference, tacit approval of an offensive act." Rec., vol. IX, at 873. The court held that the evidence, viewed most favorably to plaintiffs, did not tend to establish the City's culpability under the above standard. On appeal, the Spechts do not contest the standard relied on, but contend that this standard was met by a failure to supervise or train, or a pattern of deliberate indifference. We have carefully reviewed the record and we agree with the trial court that it contains no evidence tending to show deliberate indifference.[2] We therefore affirm the directed verdict for the City of Steamboat Springs.

**2.** After trial of this case, the Supreme Court handed down *Pembaur v. City of Cincinnati,* 475 U.S. 469, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986), in which the Court held that a municipality is liable under 42 U.S.C. § 1983 (1982), when the objectionable conduct is directed by those who

### IV.

Plaintiffs claim on appeal that the district court erred in striking their pendent claim based on a violation of the Colorado Constitution. Defendants argue that plaintiffs are asking the federal court to create a *Bivens*-type action under state law. *See Bivens v. Six Unknown Named Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). We agree with defendants and decline to so expand Colorado law.

### V.

In accordance with the en banc opinion in *Specht III,* this case is reversed and remanded for a new trial. The mandate is stayed pending petition for certiorari, under the terms of our order entered November 23, 1988.

have authority to establish municipal policy on that action. In this case the issue is not whether the conduct was done by those who spoke for the City, but, even if it were, whether it rose to the level necessary to establish municipal liability under section 1983.