936 F.2d 584
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
O. George SPECHT, Jr. and June B. Specht, Plaintiffs-Appellees,
v.
Roger JENSEN, Doug Martin, and Don Owens, Defendants-Appellants.
 No. 89-1374.
 United States Court of Appeals, Tenth Circuit.
 June 13, 1991.
 
 Before STEPHEN H. ANDERSON, BALDOCK, and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 EBEL, Circuit Judge.
 
 
 1
 As the latest installment in an almost Dickensian legal saga, defendants bring this Sec. 1983 action before the Tenth Circuit for what will be our fourth opinion since 1987. Defendants now contend that the district court, on remand, wrongly rejected their motion for summary judgment. Because we are reluctant to write yet another chapter in this already lengthy volume of litigation, and because we find the district court's application of the "law of the case" doctrine to be persuasive, we affirm the district court's denial of defendants' motion for summary judgment. We therefore remand to the district court for resumption of the new trial mandated by this court in Specht v. Jensen, 863 F.2d 700, 702 (10th Cir.1988).
 
 FACTS
 
 2
 This case began in 1982 when the Spechts sued defendant police officers for improperly searching Mr. Specht's office and the Spechts' home. The suit was based on 42 U.S.C. Sec. 1983, as well as various state tort claims, and resulted in a jury verdict totalling $234,000. One of the defenses asserted by the defendants at trial was a "good faith defense," which was obviously intended as a claim for qualified immunity. The defense was submitted to the jury under a three-part instruction that required the jury to find both subjective good faith and objective reasonableness before it could find for the defendants on that defense. Although Harlow v. Fitzgerald, 457 U.S. 800 (1982), had eliminated the subjective good faith element from the qualified immunity defense, defendants did not object to that jury instruction. The jury obviously found against the defendants on this defense, since it returned a general verdict for the plaintiffs.
 
 
 3
 Following the jury verdict, defendants filed a j.n.o.v. motion which asserted, inter alia, that they were qualifiedly immune from suit. The j.n.o.v. motion did not object to the jury instruction, but it did correctly assert that under Harlow v. Fitzgerald the proper standard for evaluating a qualified immunity claim was "objective" reasonableness. Defendants argued that, as a matter of law, they were entitled to qualified immunity because the evidence established that they had met the Harlow standard. The district court disagreed and denied their j.n.o.v. motion without explanation.
 
 
 4
 On appeal before the Tenth Circuit, defendants did not assert that the jury instruction was plain error. Instead, they focused on the j.n.o.v. motion and argued that it should have been granted because, as a matter of law, they met the Harlow test. The Tenth Circuit panel rejected that argument and affirmed the verdict in all respects, including the district court's order denying the j.n.o.v. motion. Specht v. Jensen, 832 F.2d 1516 (10th Cir.1987) ("Specht I "). With regard to the qualified immunity issue, the panel specifically concluded that the "undisputed facts undermine defendants' assertion that their conduct ... was objectively reasonable as a matter of law"--the prerequisite for a finding of qualified immunity. Id. at 1525.
 
 
 5
 Without vacating the panel opinion, the Tenth Circuit granted limited rehearing en banc, Specht v. Jensen, 837 F.2d 940 (10th Cir.1987) ("Specht II "), and held that the trial court's admission of certain expert testimony constituted reversible error. Specht v. Jensen, 853 F.2d 805 (10th Cir.1987) ("Specht III "). The en banc court specifically noted that "this case is before the court for rehearing en banc of one issue; in all other respects the panel opinion stands." Id. at 806. The en banc court remanded the case to the initial panel to address a previously unconsidered cross-appeal. Id. at 810. The panel, in turn, remanded the case back to the district court for a new trial. Specht v. Jensen, 863 F.2d 700 (10th Cir.1988), cert. denied, 488 U.S. 1008 (1989).
 
 
 6
 Once back in district court, the defendants sought to pursue qualified immunity as an affirmative defense and filed a motion for summary judgment to that effect. Defendants argued that the original proceedings addressed in Specht I involved only the issue of good faith immunity, which is distinguishable from the qualified immunity defense asserted in their motion for summary judgment on remand. The district court denied defendants' motion, concluding that the issue of qualified immunity had already been resolved against defendants in Specht I and that the subsequent Tenth Circuit rulings in no way affected that determination. Defendants now appeal that interlocutory ruling.
 
 ANALYSIS
 
 7
 Under the judicial doctrine known as "law of the case," courts are precluded from reconsidering issues which have already been decided at an earlier stage of litigation. This doctrine is designed to preserve judicial resources and to "bring about a quick resolution of disputes by preventing continued re-argument of issues already decided." Gage v. General Motors Corp., 796 F.2d 345, 349-350 (10th Cir.1986). As this court noted in Cherokee Nation v. Oklahoma, 461 F.2d 674, 678 (10th Cir.1972) (quoting Munro v. Post, 102 F.2d 686, 688 (2d Cir.1939), the "rule that a lower court must follow the decision of a higher court at an earlier stage of the case applies to everything decided either expressly or by necessary implication." See also Fox v. Mazda Corp. of America, 868 F.2d 1190, 1194 (10th Cir.1989).
 
 
 8
 Although defendants attempt to argue that the qualified immunity defense raised on remand is somehow distinct from that considered in Specht I, there can be no doubt that the Specht I decision--either "expressly or by necessary implication"--addressed this issue. The district court denied defendants' j.n.o.v. motion which clearly asserted qualified immunity under the Harlow test, and the Tenth Circuit affirmed that order of denial. Furthermore, after carefully evaluating the undisputed facts of the case, the Specht I panel concluded that defendants' claim of objective reasonableness was not supported by the undisputed facts in the record. 832 F.2d at 1525. Such a finding clearly defeated any assertion of qualified immunity, be it on a motion j.n.o.v. or a pretrial motion for summary judgment. Although the en banc court vacated the judgment of the Specht I court, it specifically stated that the panel opinion would stand in all respects other than the expert testimony issue. 853 F.2d at 806.[1] Thus, it is quite obvious that the district court was bound to follow the Specht I conclusion on qualified immunity. This is precisely what the district court did. See Transcript at 3.[2]
 
 CONCLUSION
 
 9
 For the reasons set forth above, we AFFIRM the district court's denial of summary judgment and REMAND for resumption of the new trial mandated by this court in Specht v. Jensen, 863 F.2d 700, 702 (10th Cir.1988).
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the cases, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Even without this language, the Specht I panel's qualified immunity discussion would have remained valid for law of the case purposes. According to Tenth Circuit Rule 35.6 (Effect of Rehearing En Banc ), "[u]nless specifically otherwise ordered, the effect of granting a rehearing en banc is to vacate the judgment, stay the mandate, and restore the case on the docket as a pending appeal. The panel decision is not vacated unless ordered by the court." Thus, without express language to the contrary, the panel opinion remains valid for establishing the law of the case
 
 
 [2]
 As icing on the cake, the district court judge stated that--as the judge who had tried the first case--she agreed with the Tenth Circuit's conclusion that the evidence did not support a claim of qualified immunity under the objective reasonableness test of Harlow